## Adolph Hitz, Appellant, v. Illinois Central Railroad Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913. Rehearing denied November 5, 1913.

### Statement of the Case.

Action by Adolph Hitz against the Illinois Central Railroad Company, a corporation, to recover damages caused by fire set by one of the company's engines. From a judgment for the defendant, plaintiff appeals.

SPRINGER & BUCKLEY, for appellant.

C. H. BURTON, for appellee; JOHN G. DRENNAN, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 919*—*when presumption of negligence from fire is overcome.* Proof that a fire causing damage was communicated by the locomotive of a railroad company's engine raises a *prima facie* inference of negligence on the part of the company, which can be overcome by proof that the locomotive was equipped with one of the best and most approved spark arresters, that the arrester was, at the time the fire was communicated, in good order and repair, and that the locomotive was being carefully managed at the time by a competent and careful engineer.

2. APPEAL AND ERROR, § 998*—*when admission of plat is not presented for review.* Error in the admission in evidence of a plat having certain marks and statements thereon cannot be determined where the plat does not appear in the record.

3. RAILROADS, § 921*—*when spark arrester is sufficiently identified.* A spark arrester is sufficiently identified to be introduced in

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

evidence in an action for damages caused by fire set by a railroad locomotive, where the engineer and supervisor of appliances testified that no changes had been made in the arrester before examination, and it is also shown that it was the same one brought into court and was in good condition when examined.

4. TRIAL, § 78*—*when rebuttal evidence may be excluded.* Testimony offered in rebuttal by a plaintiff in an action for damages caused by fire set by a railroad locomotive, as to the burning, may be refused where the subject matter of the testimony was fully gone into in the case in chief.

5. APPEAL AND ERROR, § 1639*—*when omission in instruction is cured.* An instruction omitting to state that proof must be made by a preponderance of evidence will ·not reverse where the omission could not have misled when all the instructions were considered together.